UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**ANDREW GISSENDANER**, individually and on behalf of all others similarly situated,

                Plaintiff,

vs.

**ENHANCED RECOVERY COMPANY, LLC**,

                Defendant.
_____

CLASS ACTION COMPLAINT

Civ. No.

Trial by Jury is Demanded

      Plaintiff, ANDREW GISSENDANNER (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of all others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendant, ENHANCED RECOVERY COMPANY, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

    1.    PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

    2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

    3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

    4.    PLAINTIFF is a natural person residing in Rochester, New York.

1

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is an LLC formed under the laws of Delaware, with its principal business purpose as debt collection, and its headquarters located at 8014 Bayberry Road, Jacksonville, Florida, 32256.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about February 5, 2018, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt, a true and correct copy of which is attached as **Exhibit 1**.

11. DEFENDANT was attempting to collect on an alleged debt relating to a credit card. *Id.*

12. In this letter, DEFENDANT states: "Interest Accrued: N/A" and "Non-interest Charges & Fees: N/A." *Id.*

13. Upon information and belief, substantial amounts of interest and fees have accrued on this account.

///

///

## CLASS ACTION ALLEGATIONS

14. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

15. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

   a. A class consisting of natural persons who:
      i. Reside in New York; and
      ii. Within one year prior to the filing of this action;
      iii. Received a letter from DEFENDANT in substantially the same form as Exhibit 1;
      iv. Where DEFENDANT was collecting on a credit card debt.

16. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

17. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

   a. Whether DEFENDANT's letter violated 15 U.S.C. § 1692e by falsely and misleadingly representing that no interest or fees had accrued on the account

when, in fact, such amounts had accrued;

b. The identities of individuals who received a substantially similar collection letter from DEFENDANT; and

c. The total number of collection letters that DEFENDANT mailed to consumers.

18. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

19. Upon information and belief, DEFENDANT has a practice and policy of intentionally and systematically sending collection letters to consumers which falsely and misleadingly state that the account had not accrued interest and fees.

20. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

21. PLAINTIFF is committed to vigorously pursuing his claims.

22. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

23. A class action regarding the issues in this case does not create any problems of manageability.

24. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF THE CLASS**

25. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 24 inclusive, above.

26. A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

27. On or about February 5, 2018, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt. Ex. 1.

28. DEFENDANT was attempting to collect on an alleged debt relating to a credit card. *Id.*

29. In this letter, DEFENDANT states: "Interest Accrued: N/A" and "Non-interest Charges & Fees: N/A." *Id.*

30. Upon information and belief, substantial amounts of interest and fees have accrued on this account.

31. By stating that the amount of accrued interest and fees was "N/A," or not applicable, DEFENDANT made a false and misleading representation in violation of 15 U.S.C. § 1692e.

32. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

33. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

34. PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

35. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For certification of the class;

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of DEFENDANT;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
February 22, 2018

                                      Respectfully Submitted,

                                      **DOUGLAS FIRM, P.C.**

                                      <u>/s/ Alexander J. Douglas</u>

                                      ALEXANDER J. DOUGLAS
                                      New York Bar No. 5343892
                                      36 West Main Street, Ste 500
                                      Rochester, NY  14614
                                      Tel: (585) 568-2224
                                      Fax: (585) 546-6185
                                      alex@lawroc.com