UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ANDREW GISSENDANER**, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

**ENHANCED RECOVERY COMPANY,
LLC**

Defendant.

**ANSWER TO CLASS ACTION
COMPLAINT**

Case No.: 6:18-cv-06158-MAT

---

Defendant ENHANCED RECOVERY COMPANY, LLC, ("Defendant" or "ERC"), by

and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, as and for an

Answer to Plaintiff **ANDREW GISSENDANER**, individually and on behalf of all others

similarly situated's ("Plaintiff") Class Action Complaint dated February 22, 2018 ("Complaint"),

hereby sets forth as follows:

<u>AS AND FOR A RESPONSE TO
PLAINTIFF'S PRELIMINARY STATEMENT</u>

1.      Paragraph "1" of the Complaint contains only a conclusion of law requiring no

response. To the extent that Paragraph "1" can be reasonably read to contain allegations,

Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "1" of the Complaint and refers all questions of law to this

Honorable Court.

1

**AS AND FOR A RESPONSE TO**
**PLAINTIFF'S JURISDICTION**
**AND VENUE ALLEGATIONS**

2.      Paragraph "2" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "2" can be reasonably read to contain allegations, Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint and refers all questions of law to this Honorable Court.

3.      Paragraph "3" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "3" can be reasonably read to contain allegations, Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint and refers all questions of law to this Honorable Court.

**AS AND FOR A RESPONSE TO**
**PLAINTIFF'S ALLEGATIONS REGARDING PARTIES**

4.      Paragraph "4" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "4" can be reasonably read to contain allegations, Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint and refers all questions of law to this Honorable Court.

5.      Paragraph "5" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "5" can be reasonably read to contain allegations, Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of

the allegations set forth in Paragraph "5" of the Complaint and refers all questions of law to this Honorable Court.

6.      Defendant admits that plaintiff owes a past due consumer debt as set forth in Paragraph "6" of the Complaint, denies that plaintiff "allegedly" owes said past due consumer debt, and otherwise refers all questions of law to this Honorable Court.

7.      Defendant admits the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S STATEMENT OF FACTS

9.      Defendant repeats and reiterates each and every admission and denial as to the allegations set forth in Paragraphs "1" through "8" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in Paragraph "9" the Complaint.

10.     Defendant admits that on or about February 5, 2018 it issued a copy of the letter attached to the Complaint as Exhibit "1" to plaintiff as set forth in Paragraph "10" of the Complaint, denies the allegation that it was an "alleged" debt, asserts that the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

11.     Defendant admits that it was attempting to collect on a debt owed by plaintiff relating to a credit card as set forth in Paragraph "11" of the Complaint, denies that allegation that it was an "alleged" debt, asserts that the copy of the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

3

12.     Defendant admits that the letter annexed to the Complaint as Exhibit "1" contains the language quoted in Paragraph "12" of the Complaint, otherwise denies the allegations set forth in Paragraph "12" of the Complaint, asserts that the copy of the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

13.     Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S CLASS ACTION ALLEGATIONS

14.     Defendant repeats and reiterates each and every admission and denial as to the allegations set forth in Paragraphs "1" through "13" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in Paragraph "14" the Complaint.

15.     Paragraph "15" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "15" can be reasonably read to contain allegations Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint, and refers all questions of law to this Honorable Court.

        a.i.    Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15a.i." of the Complaint, and refers all questions of law to this Honorable Court.

        a.ii.   Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15a.ii." of the Complaint, and refers all questions of law to this Honorable Court.

a.iii.   Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15a.iii." of the Complaint, and refers all questions of law to this Honorable Court.

a.iv.   Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15a.iv." of the Complaint, and refers all questions of law to this Honorable Court.

16.   Paragraph "16" of the Complaint contains only speculation regarding plaintiff's subjective beliefs. To the extent that Paragraph "16" can be reasonably read to contain allegations, Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.   Paragraph "17" of the Complaint contains only conclusions of law requiring no response. To the extent that Paragraph "17" can be reasonably read to contain allegations, Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

a.   Defendant denies the allegations set forth in Paragraph "17.a." of the Complaint.

b.   Defendant denies the allegations set forth in Paragraph "17.b." of the Complaint.

c.   Defendant denies the allegations set forth in Paragraph "17.c." of the Complaint.

18.   Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19.   Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20.   Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint, and refers all questions of law to this Honorable Court.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24.     Paragraph "24" of the Complaint contains only a conclusion of law and a statement about plaintiff's alleged intention requiring no response. To the extent that Paragraph "24" can be reasonably read to contain allegations, Defendant denies knowledge or information thereof sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint and refers all questions of law to this Honorable Court.

**<u>AS AND FOR A RESPONSE TO
FIRST CLAIM FOR RELIEF
VIOLATIONS OF THE FDCPA
15 U.S.C. § 1692e BROUGHT BY PLAINTIFF
INDIVIDUALLY AND ON BEHALF
OF THE CLASS</u>**

25.     Defendant repeats and reiterates each and every admission and denial as to the allegations set forth in Paragraphs "1" through "24" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in Paragraph "25" the Complaint.

26.     Paragraph "26" of the Complaint contains only a conclusion of law requiring no response. To the extent that Paragraph "26" can be reasonably read to contain allegations, Defendant asserts that the quoted statute speaks for itself and refers all questions of law to this Honorable Court.

27.     Defendant admits that on or about February 5, 2018 it issued a copy of the letter attached to the Complaint as Exhibit "1" to plaintiff as set forth in Paragraph "27" of the

Complaint, denies the allegation that it was an "alleged" debt, asserts that the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

28.     Defendant admits that it was attempting to collect on a debt owed by plaintiff relating to a credit card as set forth in Paragraph "28" of the Complaint, denies that allegation that it was an "alleged" debt, asserts that the copy of the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

29.     Defendant admits that the letter annexed to the Complaint as Exhibit "1", contains the language quoted in Paragraph "29" of the Complaint, otherwise denies the allegations set forth in Paragraph "29" of the Complaint, asserts that the copy of the letter attached to the Complaint as Exhibit "1" speaks for itself, and refers all questions of law to this Honorable Court.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies all other allegations set forth in the Complaint not specifically referenced herein.

## AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

36.     Defendant joins in plaintiff's demand for a trial by jury of all issues in this action.

1295475v.1

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.     Plaintiff's Complaint fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA") against ERC upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.     Plaintiff may not maintain each and every cause of action alleged in the Complaint because they are barred as a matter of documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.     Plaintiff is not representative of the proposed putative class.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims against ERC are barred because plaintiff and/or proposed putative class members lack standing to sue.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41.     ERC's communication with plaintiff was proper under the FDCPA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, plaintiff did, in fact, owe a legal duty to ERC's client for the unpaid credit card debt.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43.     ERC did not in any way misrepresent the nature and/or amount of the debt owed by plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44.     The correspondence annexed to the Complaint as Exhibit "1", in all manners, complies with 15 U.S.C. § 1692e.

1295475v.1

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims are barred by the holding of the United States Court of Appeals for the Second Circuit, in <u>Taylor v. Fin. Recovery Servs., Inc.</u>, case 17-1650, (decided March 29, 2018), Document Number 82-1, a copy of which is annexed hereto as Exhibit "A".

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46.    Plaintiff does not satisfy the requirements of Federal Rule of Civil Procedure 23 in general; and, specifically, Federal Rule of Civil Procedure 23(b)(3), as such, the proposed putative class cannot be certified.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

47.    Upon information and belief, plaintiff has not in any way been damaged by the conduct alleged on the part of ERC.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48.    ERC did not in any way mislead plaintiff and/or the putative class, or provide any false information to plaintiff and/or the putative class, such that plaintiff and/or the putative class are not entitled to any of the damages alleged.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49.    Plaintiff and/or the putative class are not entitled to damages under 15 U.S.C. § 1692k et seq.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands and laches.

1295475v.1

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are time-barred to the extent the alleged conduct took place outside the applicable limitations period.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

52.     The purported claims made by plaintiff and members of the purported class on whose behalf he purports to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53.     The purported class cannot be certified under Federal Rules of Civil Procedure 23 because, *inter alia*, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

54.     The purported claims made by plaintiff and members of the purported class on whose behalf he purports to sue are precluded or limited because plaintiff and members of the purported class on whose behalf he purports to sue failed to exhaust other available remedies.

### RESERVATION OF DEFENSES

55.     ERC presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. ERC reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, defendant Enhanced Recovery Company, LLC, demands judgment dismissing plaintiff's Complaint, in its entirety, with prejudice; and,

1295475v.1

(1)   Denying plaintiff's request for statutory damages, not to exceed $1,000, pursuant to U.S.C. § 1692k(a)(2)(A);

(2)   Denying certification of the class;

(3)   Denying plaintiff's request for statutory damages to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(4)   Denying plaintiff's request for attorneys' fees;

(5)   Denying plaintiff's request for costs and expenses;

(6)   Awarding defendant the costs and disbursements of this action; and,

(7)   Granting such other and further relief as this Court deems just and proper.

Dated: April 5, 2018
Albany, New York

Yours, etc.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By:

Christopher J. Martin, Esq.
Peter A. Lauricella, Esq.
*Attorneys for Defendant*
*Enhanced Recovery Company, LLC*
200 Great Oaks Blvd – Suite 228
Albany, New York 12203
518.449.8893 – Tel.
Christopher.Martin@wilsonelser.com

TO:   Alexander J. Douglas, Esq.
DOUGLAS FIRM, P.C.
*Attorneys for Plaintiff*
36 West Main Street – Suite 500
Rochester, New York 14614
585.568.2224 – Tel.
alex@lawroc.com

11

# EXHIBIT A

17-1650-cv
*Taylor v. Fin. Recovery Servs., Inc.*

# In the
# United States Court of Appeals
## For the Second Circuit

———

AUGUST TERM, 2017

ARGUED: JANUARY 24, 2018
DECIDED: MARCH 29, 2018

No. 17-1650-cv

CHRISTINE M. TAYLOR, CHRISTINA KLEIN,
*Plaintiffs-Appellants,*

*v.*

FINANCIAL RECOVERY SERVICES, INC.,
*Defendant-Appellee.*

———

Appeal from the United States District Court
for the Southern District of New York.
No. 16-cv-4685 – Lorna G. Schofield, *District Judge.*

———

Before: LEVAL, CALABRESI, and CABRANES, *Circuit Judges.*

———

Appellants Christine M. Taylor and Christina Klein allege that debt
collection notices they received from Appellee Financial Recovery Services,
Inc. were "misleading" in violation of Section 1692e of the Fair Debt
Collection Practices Act because the notices did not indicate whether their
debts were accruing interest and fees. As no such interest or fees were
accruing, we affirm the district court's May 19, 2017 award of summary
judgment in favor of Financial Recovery Services.

DAVID M. BARSHAY, Baker Sanders, L.L.C., Garden City, NY, *for Plaintiffs-Appellants.*

JOHN P. BOYLE (Bradley R. Armstrong, *on the brief*), Moss & Barnett PA, Minneapolis, MN, *for Defendant-Appellee.*

CALABRESI, *Circuit Judge*:

Section 1692e of the Fair Debt Collection Practices Act makes it unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This case asks whether it is misleading within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so. We hold that such a notice complies with Section 1692e and affirm the May 19, 2017 judgment of the district court.

I.

Christine M. Taylor and Christina Klein are New York residents who fell into credit card debt with Barclays Bank. After they defaulted on their payments to Barclays, the bank placed their debts with Financial Recovery Services, Inc. ("FRS"), a collection agent, which the bank instructed not to accrue interest or fees on the debts.

2

FRS thereafter sent a series of collection notices to Taylor and Klein. Each notice to Taylor stated an identical "balance due" of $599.98. J.A. 137-142. The notices to Klein likewise all stated an unchanging "balance due," in her case $3,171.12. J.A. 36-43. None of the notices, however, included any statement addressing whether those balances were accruing interest or fees. Neither Taylor nor Klein made any payments to FRS in connection with their debts prior to filing individually for Chapter 7 bankruptcy, at which point FRS closed their accounts.

On June 20, 2016, Taylor and Klein brought suit against FRS in the United States District Court for the Southern District of New York, alleging that its collection notices were "false, deceptive, or misleading" within the meaning of Section 1692e of the FDCPA. In making this argument, Taylor and Klein relied heavily on our decision in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016), where we held that a debt collector violates the FDCPA by stating the "current balance" of a consumer's debt without disclosing that the balance is increasing due to the accrual of interest or fees.

During discovery, FRS produced unrebutted evidence that neither Taylor's nor Klein's debt had accrued interest or fees during the time those debts were placed with the company. FRS then moved for summary judgment, arguing that, in stating the amount of Taylor

3

and Klein's debts, it was not obligated to add explicitly that no interest or fees were accruing.

The district court agreed and, on May 19, 2017, entered judgment in favor of FRS. Taylor and Klein filed this appeal the same day.

## II.

In determining whether a collection notice violates Section 1692e, "we are guided by two principles of statutory construction." *Avila*, 817 F.3d at 75. The first principle is that the FDCPA must be construed liberally to effectuate its stated purpose—i.e., "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

The second principle is that collection notices are to be looked at from the perspective of the "least sophisticated consumer." *Avila*, 817 F.3d at 75. That is, "we ask how the least sophisticated consumer—one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer—would understand the collection notice." *Id.* (internal quotation marks omitted). Pursuant to this standard, "a collection notice can be misleading if it is open to more than one reasonable

4

interpretation, at least one of which is inaccurate." *Id.* (internal quotation marks omitted).

Taylor and Klein's primary argument is that FRS's collection notices were misleading within the meaning of Section 1692e because the least sophisticated consumer could have interpreted them to mean either that interest and fees on the debts in question were accruing or that they were not accruing. In effect, they argue that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt. Taylor and Klein contend that our holding in *Avila* supports them in this argument.

They are mistaken. In *Avila*, we found a collection notice to be misleading because "[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice," whereas, in reality, such a payment would not settle the debt. *Id.* at 76. "The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid," as well as any interest or fees that accumulated thereafter. *Id.* This was no theoretical concern. One of the plaintiffs in *Avila* had paid the stated balance of her debt only to find herself still on the hook for an unpaid balance that was accumulating interest at the alarming rate of 500% per annum.

5

The collection notices FRS sent to Taylor and Klein, which stated their respective balances due without discussing interest or fees, could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question. The difference is that, while that message was prejudicially misleading on the facts of *Avila*, on the facts of this case it was accurate: prompt payment of the amounts stated in Taylor's and Klein's notices *would* have satisfied their debts.

Of course, being informed that their debts were not accruing interest or fees could have been advantageous to Taylor and Klein, as it would have alerted them to the fact that they could delay repayment without their debts increasing. Thus, the only harm that Taylor and Klein suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*.

It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so. Construing the FDCPA in light of its

6

consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.[1]

Taylor and Klein object that this interpretation of Section 1692e conflicts with our recent decision in *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017). That case concerned a debt collector's obligation under Section 1692g of the FDCPA to state "the amount of the debt" within five days of its initial communication with a consumer. 15 U.S.C. § 1692g. In *Carlin*, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." 852 F.3d at 216.

Contrary to Taylor and Klein's objection, our decision today reads Sections 1692e and 1692g in harmony. That is, if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the

---

[1] In so holding, we join the Seventh Circuit, which held: "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." *Chuway v. Nat'l Action Fin. Serv., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004).

notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g. If instead the notice contains no mention of interest or fees, and they *are* accruing, then the notice will run afoul of the requirements of both Section 1692e and Section 1692g.

### III.

Taylor and Klein briefly raise two additional challenges to the district court's grant of summary judgment in favor of FRS, neither of which we find persuasive. They first argue that Barclays continued to accrue interest on their debts even after those debts were placed with FRS. If true, that would bring this case squarely within the ambit of *Avila*. But Taylor and Klein failed to create a genuine issue of fact in this regard before the district court, instead arguing that "whether the[ir] accounts were actually accruing interest and fees at the time they were with [FRS] is irrelevant." J.A. 362. They cannot escape summary judgment by changing tactics on appeal.

Taylor and Klein fare no better with their argument that FRS's notices were misleading because, even if Barclays did not accrue post-placement interest on their debts, it nonetheless retained the right to do so. Even if such a right existed, FRS's collection notices were not misleading because no interest or fees were being charged and Taylor and Klein could have satisfied their debts by making reasonably prompt payment of the amounts stated in the notices. In other words,

the debts remained static long enough to permit Taylor and Klein to satisfy them through prompt repayment of their respective balances due, and, as we have already explained, failing to disclose that a debt is static is not misleading within the meaning of Section 1692e.

The district court's May 19, 2017 grant of summary judgment in favor of FRS is **AFFIRMED**.

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**ROBERT A. KATZMANN**
CHIEF JUDGE

Date: March 29, 2018
Docket #: 17-1650cv
Short Title: Taylor v. Financial Recovery Services

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 16-cv-4685
DC Court: SDNY (NEW YORK CITY)
DC Judge: Schofield

**BILL OF COSTS INSTRUCTIONS**

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
*   be filed within 14 days after the entry of judgment;
*   be verified;
*   be served on all adversaries;
*   not include charges for postage, delivery, service, overtime and the filers edits;
*   identify the number of copies which comprise the printer's unit;
*   include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
*   state only the number of necessary copies inserted in enclosed form;
*   state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
*   be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
**CHIEF JUDGE**

Date: March 29, 2018
Docket #: 17-1650cv
Short Title: Taylor v. Financial Recovery Services

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

DC Docket #: 16-cv-4685
DC Court: SDNY (NEW YORK CITY)
DC Judge: Schofield

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for

_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the

_____

and in favor of

_____

for insertion in the mandate.

Docketing Fee        _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ ____) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature