UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDREW GISSENDANER, individually
and on behalf of all others
similarly situated

                     Plaintiff,

    -vs-

ENHANCED RECOVERY COMPANY, LLC,

                     Defendant.

**No. 6:18-cv-06158(MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Represented by counsel, Andrew Gissendanner ("Plaintiff") instituted this action alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the FDCPA") against Enhanced Recovery Company, LLC ("Defendant"). Pending before the Court are Plaintiff's Motion for Class Certification (Docket No. 21) and Defendant's Cross-Motion for Judgment on the Pleadings or to Stay the Proceeding (Docket No. 22). For the reasons discussed below, the Court grants Defendant's Cross-Motion for Judgment on the Pleadings, denies Plaintiff's Motion for Class Certification, and denies as moot Defendant's alternative request to stay.

## II. Factual Background and Procedural History

The factual background of this case is simple, and consists of

a single letter dated February 5, 2018 ("the Collection Notice"), sent to Plaintiff by Defendant for purpose of collecting a debt owed on a credit card. The Collection Notice indicated in part that "[u]pon receipt of [Plaintiff's] payment and clearance of funds in the amount of $2,562.06, [Plaintiff's] account will be considered paid in full." Docket No. 1-3. Plaintiff claims that the following two statements in the Collection Notice are misleading and therefore violative of the FDCPA: (1) "Interest Accrued: N/A" and (2) "Non-interest Charges & Fees: N/A." Based on these two statements, Plaintiff filed his Complaint alleging that Defendant's Collection Notice was in violation of 15 U.S.C. § 1692e. Defendant answered the Complaint, and the parties engaged in an unsuccessful mediation session.

Plaintiff subsequently filed a motion seeking class certification and proposing to act as a representative of a class consisting of natural persons who reside in New York and who, within one year prior to the filing of this action, received a letter from Defendant in substantially the same form as the February 5, 2018 letter Plaintiff received, in which Defendant was collecting on a credit card debt.

Defendant filed a cross-motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"). Plaintiff opposed the Rule 12(c) motion but did not object to staying the action pending the Court's decision on the

Rule 12(c) motion. Defendant filed a reply brief.

**III. Discussion**

    **A.    Rule 12(c)**

Rule 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citing *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) ("The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party.")).

    **B.    The FDCPA**

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e ("§ 1692e"). In particular, a debt collector may not falsely represent "the character, amount, or legal status of any debt." *Id.* § 1692e(2). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

When determining whether § 1692e has been violated, the court

Rule 12(c) motion. Defendant filed a reply brief.

**III. Discussion**

    **A.    Rule 12(c)**

Rule 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citing *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) ("The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party.")).

    **B.    The FDCPA**

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e ("§ 1692e"). In particular, a debt collector may not falsely represent "the character, amount, or legal status of any debt." *Id.* § 1692e(2). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

When determining whether § 1692e has been violated, the court

Rule 12(c) motion. Defendant filed a reply brief.

**III. Discussion**

    **A.    Rule 12(c)**

Rule 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citing *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) ("The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party.")).

    **B.    The FDCPA**

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e ("§ 1692e"). In particular, a debt collector may not falsely represent "the character, amount, or legal status of any debt." *Id.* § 1692e(2). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

When determining whether § 1692e has been violated, the court

applies "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector . . . ." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)). This test "ask[s] how the least sophisticated consumer—'one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Russell*, 74 F.3d at 34). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319). Nonetheless, the Second Circuit "has been careful not to conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Thus, "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1318–19.

 **C. Plaintiff Has Failed to Allege a False or Deceptive Debt Collection Practice**

Plaintiff argues that the following two statements in the

Collection Notice sent by Defendant are materially misleading under § 1692e: "Interest Accrued: N/A" and "Non-interest Charges & Fees: N/A." According to Plaintiff, because every debt accrues interest, it is misleading for Defendant to make these two statements because the least sophisticated consumer could be led to think that his or her debt had never accrued interest. Defendant responds that the two statements are true, insofar as Plaintiff's debt did not accrue interest, charges, or fees, once it was placed into collection. Defendant asserts that Plaintiff erroneously has ignored clear language in the Collection Notice stating unambiguously that if Plaintiff paid the amount of the "balance due" indicated therein, his debt would have been satisfied. Defendant argues that Plaintiff's claim is governed by the Second Circuit's recent cases, *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018), and *Avila*, 817 F.3d 72, *supra*.

In *Avila*, the Second Circuit held that a collection letter must disclose that a debt is accruing interest—if such interest is actually accruing. *Avila*, 817 F.3d at 76-77; *see also id.* at 74 ("The question presented is whether a collection notice that states a consumer's 'current balance,' but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.").

Following *Avila*, lack of uniformity existed among the district courts on the issue of whether a debt collector must expressly state when interest is *not* accruing. *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp.3d 265, 272 n.5 (E.D.N.Y. 2018) (collecting cases). The Second Circuit's recent decision, *Taylor*, 886 F.3d 212, *supra*, answered the question left open by *Avila* in the negative.

The plaintiffs in *Taylor*, relying on *Avila*, argued that the defendant's collection notices were misleading because the least sophisticated consumer could have interpreted them to mean *either* that interest and fees on the debts in question were accruing *or* that interest and fees were not accruing. *Id.* at 214. In effect, the plaintiffs argued, "a debt collector commits a *per se* violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt." *Id.*

The *Taylor* panel rejected this argument and distinguished *Avila*, stating that the collection notice in that case was "misleading because '[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice,' whereas, in reality, such a payment would not settle the debt." *Taylor*, 886 F.3d at 214 (citing *Avila*, 817 F.3d at 76). In fact, one of the plaintiffs in *Avila* paid the balance stated on the collection notice only to learn that she still owed an unpaid balance that was accumulating

interest at an exorbitant rate. *Id.* (citing *Avila*, 817 F.3d at 76). Thus, in *Avila*, "[t]he debt collector could[—and did—] still seek the interest and fees that accumulated after the notice was sent but before the balance was paid," as well as any interest or fees that accumulated thereafter. *Id.* (quoting *Avila*, 817 F.3d at 76). This rendered the language of the notice misleading.

In *Taylor*, however, the collection notices did not discuss interest or fees but did state the amounts of the respective balances due by the plaintiffs. Therefore, these notices could have been read to mean that prompt payment of the amounts stated would satisfy the debts in question. *Taylor*, 886 F.3d at 214. While this message "was prejudicially misleading on the facts of *Avila*, on the facts of [*Taylor*] it was accurate: prompt payment of the amounts stated in [the plaintiffs'] notices would have satisfied their debts." *Id.* Thus, *Taylor* held, it is not misleading "within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so." *Id.* at 213.

The Second Circuit summarized its holding in *Taylor* as follows:

> [I]f a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the

>       debt under Section 1692g.[1] If instead the notice contains
>       no mention of interest or fees, and they are accruing,
>       then the notice will run afoul of the requirements of
>       both Section 1692e and Section 1692g.

*Taylor*, 886 F.3d at 215. Here, the Collection Notice received by Plaintiff "correctly state[d]," *id.*, his balance without mentioning interest or fees. However, as he admits, "no such interest or [were] accruing[.]" *Id.* Plaintiff's case is governed by *Taylor*, and Plaintiff has supplied no convincing reason why the Court should find *Taylor* distinguishable. Therefore, under *Taylor*, Defendant's Collection Notice was not misleading within the meaning of Section 1692e. *Id.* Plaintiff's FDCPA claim accordingly lacks merit.

**IV. Conclusion**

For the foregoing reasons, Defendant's Cross-Motion for Judgment on the Pleadings is granted, and the Complaint is dismissed. Plaintiff's Motion for Class Certification is denied as moot. Defendant's alternative request to stay the case likewise is denied as moot.

**SO ORDERED.**

**S/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 6, 2018
         Rochester, New York

---

[1] Plaintiff here does not raise a claim under Section 1692g of the FCDPA.